I am of opinion, further, there was error in permitting prosecuting witness to be led by the district attorney, and that answers were erroneously admitted. Nolen v. State, 8 Tex. App. 591; Davis v. State, 43 Tex. 190; Ripley v. State, 51 Tex. Cr. R. 131, 100 S. W. 943; Goodsoe v. State, 52 Tex. Cr. R. 627; 108 S. W. 388; Garrett v. State, 52 Tex. Cr. R. 261, 106 S. W. 389; Rangel v. State, 22 Tex. App. 645, 3 S. W. 788; and cases cited in above cases. I may write more fully later.

---

WHITE v. STATE.

(Court of Criminal Appeals of Texas. May 22, 1912.)

BAIL (§ 65*) — CRIMINAL PROSECUTIONS—RECOGNIZANCE—SUFFICIENCY.

A recognizance given in a prosecution for unlawfully carrying a pistol is defective, for not stating the punishment imposed, as required by statute.

[Ed. Note.—For other cases, see Bail, Cent. Dig. § 285; Dec. Dig. § 65.*]

Appeal from Dallas County Court at Law; W. F. Whitehurst, Judge.

Jesse White was convicted of unlawfully carrying a pistol, and appeals. Appeal dismissed.

C. E. Lane, Asst. Atty. Gen., for the State.

DAVIDSON, C. J. Appellant was convicted of carrying a pistol. The record is before us without a statement of facts or bills of exception. The case might be affirmed, but for the fact the recognizance is insufficient under the statute; therefore the jurisdiction of this court is not attached. It fails to set out the punishment allotted appellant, as required by the statute.

The appeal is dismissed.